Filed 7/14/23  P. v. Doster CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079659 |
| v. | (Super.Ct.No. RIF125774) |
| DAMIEN TEVES DOSTER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Damien Teves Doster, filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the superior court denied. On appeal, defendant contends the court erred in denying his petition. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant "drove to the In-N-Out Burger restaurant in Moreno Valley on September 3, 2005, with his friends Shariff Garrett and Rasheed Muslim. They arrived at the parking lot of the restaurant and parked near a large crowd that was assembled. Garrett, Muslim, and defendant exited the car, and Garrett got into a verbal altercation with someone in the crowd. As Garrett walked back to his car, presumably to get a gun that was secreted in the center console of his car, a man emerged from the crowd and shot him in the back of the head. Defendant armed himself with a gun and hid in the bushes. At the same time, Garrett's friend, Damon Mabins, and another man, Melvin Banks, drove by and recognized Garrett's truck. When Mabins and Banks approached Garrett's body, defendant came out of the bushes and shot Mabins five or six times in the torso. Defendant discarded the weapon. Defendant ran to a nearby gas station where he encountered the police and told them he had no involvement in the shooting. Garrett and Mabins were pronounced dead at the scene." (*Doster*, *supra*, E042716.)

---

[1] All further statutory references are to the Penal Code. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] By order dated March 13, 2023, we granted respondent's request to take judicial notice of the record from defendant's appeal from the judgment to which defendant filed a letter of non-opposition. (*People v. Doster* (Nov. 10, 2008, E042716) [nonpub. opn.] (*Doster*).) We derive our factual recitation from *Doster*.

On December 19, 2006, a jury convicted defendant of the second degree murder of Mabins (§ 187, subd. (a), count 1) and of being a felon in possession of a firearm (§ 12021, subd. (a), count 3).[3] The jury additionally found true an allegation defendant intentionally discharged a firearm causing great bodily injury in his commission of the count 1 offense (§ 12022.53, subd. (d)). Defendant later admitted that he had served a prior prison term. (§ 667.5, subd. (b)). The court sentenced defendant to an indeterminate term of imprisonment of 40 years to life, plus a determinate term of three years.

Defendant appealed. This court affirmed the judgment.

On July 18, 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95. At a hearing on August 19, 2022, the People requested the court deny the petition: "The defendant was convicted of second-degree murder with a personal discharge of a firearm and felon in possession. I sent [defense counsel] the opinion and the instruction request sheet. Neither side requested aiding and abetting, natural and probable consequences or murder instruction. The defendant acted alone."

The People recited the facts as recounted in this court's opinion in *Doster*, *supra*, E042716. The People then argued defendant was not entitled to relief because he was the actual killer and the court had not instructed the jury with any theory of imputed malice.

Defense counsel responded, "I have confirmed everything that [the People] just recited. I submit." The court denied the petition.

---

[3] The jury found defendant not guilty of the attempted murder of Banks.

## II. DISCUSSION

Defendant contends the court erred in summarily denying his petition by relying on the facts from this court's opinion, and purported jury instructions which were never introduced into evidence. Defendant contends defense counsel below engaged in per se ineffective assistance of counsel by confirming the People's recitation of the facts. The People respond, in reliance on the judicially noticed record, that any error harmless. We agree with the People.

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Strong* (2022) 13 Cal.5th 698, 707-708.) "Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.] Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 [citation]." (*Id.* at p. 708, fn. omitted.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for . . . relief, the

4

prima facie inquiry . . . is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." '  [Citation.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)  "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Ibid*.)  Assembly Bill No. 200 "limited use of prior appellate opinions, allowing trial judges to 'consider [only] the procedural history of the case recited.'  [Citation.]" (*People v. Clements* (2022) 75 Cal.App.5th 276, 292; accord *People v. Flores* (2022) 76 Cal.App.5th 974, 988.)

Where the record of conviction reflects that the defendant was not convicted under any theory of imputed malice, no evidentiary hearing is required.  (*People v. Patton* (2023) 89 Cal.App.5th 649, 657 ["As the sole and actual perpetrator of the attempted murder of" the victim, a defendant "is ineligible for resentencing as a matter of law."]; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review dismissed Nov. 17, 2021, S263939 ["[T]he jury instructions themselves demonstrate[d] as a matter of law that [the defendant] could not make a prima facie showing that he is entitled to relief."]; *People v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867 [petition properly denied where jury

5

verdicts necessarily show defendant was convicted under provocative act theory]; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677 [defendant could not make prima facie showing because the jury instructions reflected the defendant was per se ineligible for relief].)

Here, as the People note, the judicially noticed records reflect that the court did not instruct the jury on any theory of imputed malice. The court gave no instructions on felony murder, the natural and probable consequences doctrine, aiding and abetting, or any other theory in which malice could have been imputed to defendant based on his participation in another crime. Thus, defendant was per se ineligible for relief.

Defendant contends the judicially noticed record is "irrelevant" because our review should be constrained by the record below. We disagree.

" ' "[W]e will affirm a judgment correct on any legal basis, even if that basis was not invoked by the trial court. [Citation.] There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct." ' " (*Anderson v. Davidson* (2019) 32 Cal.App.5th 136, 144.) Where "there is simply no evidence that could support a favorable finding for [defendant], then any legal error in the court's reasoning or basis for its decision quite obviously is harmless." (*In re J.R.* (2022) 82 Cal.App.5th 526, 533-534 [affirming where remand due to legal error would be pointless because there were no factual issues to resolve which would result in a decision favorable to the defendant].) Courts refuse requests for remand where the remedy would be "worse than pointless: remands would force people to expend resources but sentences would not change. There

would be cost but no benefit." (*People v. Venegas* (2020) 44 Cal.App.5th 32, 42; *People v. Schaffer* (2020) 53 Cal.App.5th 500, 506 [pointless to remand where defendant would be unable to gain any effective relief].)

Here, reversal and remand would be an idle act because, as noted *ante*, defendant is per se ineligible for relief. To be certain, the better manner of proceeding below on such matters would be for the People to move into evidence or request that the court take judicial notice of the records which establish a defendant's legal ineligibility. However, we will not engage in the futile act of remanding the matter. (*People v. Jefferson* (2019) 38 Cal.App.5th 399, 409 ["[R]emand is not appropriate when it would be an idle act."]; *People v. Tuggles* (2009) 179 Cal.App.4th 339, 388 ["Here, remand 'would be a useless and futile act and would be of no benefit to appellant[s].' [Citation.]"].)

Finally, defendant contends defense counsel below committed ineffective assistance of counsel. We disagree.

" ' "To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant. [Citation.] 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citation.]" ' [Citation.]" (*People v. Rices* (2017) 4 Cal.5th 49, 80.) Assuming *arguendo*, that defense counsel's statements were objectively unreasonable, defendant cannot show prejudice

because, as discussed *ante*, defendant was per se ineligible for relief.  Thus, defense counsel was not prejudicially ineffective.

## III.  DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER  _____
Acting P. J.

We concur:

MILLER  _____
J.

CODRINGTON  _____
J.

8